UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY-ADILE MARTINEZ,

                      Petitioner,

         -against-

DONALD TRUMP, *et al.*,

                      Respondents.

20-CV-9651 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

       Petitioner, currently incarcerated in Green Haven Correctional Facility, brings this *pro se* action to confirm an arbitration award purportedly entered on August 19, 2019, in a matter between him and Respondents – that is, former President Donald J. Trump, Chief Justice John Roberts, House Speaker Nancy Pelosi, Senator Charles Grassley, former Attorney General William Barr, and the United States of America. Petitioner alleges that he and Respondents entered into a written contract where "petitioner agreed to the conditional acceptance for value proof claim contract J3:16IGsltwthghobS(c) obligations, and respondent(s) agreed to the same." (ECF No. 1, at 2.) Petitioner attaches the "contract," which is plainly not a valid document.[1]

---

[1] Petitioner relies on a purported arbitration award from the Sitcomm Arbitration Association, an organization that many courts have described as invalid. *See, e.g.*, *Magee v. Nationstar Mortg., LLC*, No. 19-MC-0017, 2020 WL 1188445, at *1 (N.D. Tex. Mar. 11, 2020) (collecting cases and noting that "[t]his is one of the many cases in recent months where a court has repudiated an arbitration award made by Sitcomm"); *Meekins v. Lakeview Loan Servicing, LLC*, No. 19-CV-0501, 2019 WL 7340300, at *3 (E.D. Va. Dec. 30, 2019) ("The Court expresses great skepticism about the validity of SAA as an arbitration entity. Indeed, courts around the country have expressed doubts regarding SAA's validity."); *Kalmowitz v. Fed. Home Mortg. Corp.*, No. 19-MC-0010, 2019 WL 6249298, at *2 (E.D. Tex. Oct. 22, 2019) ("The purported arbitration agreement and award do not appear to have any meritorious basis in fact or law, and Sitcomm does not appear to be a valid entity of arbitration."); *U.S. Bank National Ass'n v. Nichols*, 19-CV-0482, 2019 WL 4276995, at *2 (N.D. Okla. Sep. 10, 2019) (noting that the Sitcomm Arbitration Association award "is a bizarre jumble of inconsistent, nonsensical word salad" full of "legally bizarre determination[s] contrary to hornbook contract law").

By order dated February 26, 2021, the Court granted Petitioners' request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

---

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Petitioner's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Petitioner's assertions that he entered into a contract with Respondents are frivolous.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's complaint cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

Petitioner's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 26, 2021
         New York, New York

                                                    _____
                                                    COLLEEN McMAHON
                                                    Chief United States District Judge